UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL JOSEPH NEWBURY, )<br>  )<br>　　　Petitioner, )<br>  )<br>v. ) Civil No. 08-299-B-W<br>  )<br>STATE OF MAINE, )<br>  )<br>　　　Respondent ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Michael Joseph Newbury has filed a 28 U.S.C. § 2254 petition attacking his 1993 sentence for manslaughter.  He presses one ground: "Trial court lacked subject matter jurisdiction to sentence defendant above the maximum statutory sentence of 20 years."  I recommend that it be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4 because on the face of the petition and the exhibits submitted by Newbury his petition is untimely under 28 U.S.C. § 2244(d).  That provision reads:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 　　**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 　　**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 　　**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 　　**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

With regards to § 2244(d)(1)(A), Newbury indicates that the Maine Law Court denied an appeal of his sentence in 1993.  He filed his first post-conviction petition somewhere around 1995.  Although the record is not crystal clear on when this petition was decided, there is no doubt that the § 2244(d)(1)(A) one-year limitation period ran long ago.

Newbury has submitted the order from the Maine Superior Court summarily dismissing his second state petition for post-conviction review which he filed in May 2006.  That petition forwarded the ground pressed here and relied on Maine v. Schofield, 2005 ME 82, 895 A.2d 927.[1]  Schofield addressed the implications of the United States Supreme Court's Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005) line of cases on a sentence that exceeded twenty years, imposed after a 17-A M.R.S. § 203 manslaughter conviction.

In its decision on Newbury's 2006 petition, the Superior Court concluded that Newbury's petition for post-conviction review was untimely.  (See Doc. No. 1-10 at 2.)  It also noted that under the statute of limitations for state post-conviction petitions Newbury could not rely on 15 M.R.S. § 2128(5)(B) permitting the filing of post-conviction petitions one year from the "date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review."  (See Doc. 1-10 at 2 n.1.) The Superior Court justice concluded that Schofield did not apply retroactively (id.) anticipating the holding of Carmichael v. State, 2007 ME 86, 42,  927 A.2d 1172, 1181-182.   The Maine

---

[1] The post-conviction court cited the case as 876 A.2d 43, that opinion was withdrawn from the bound volume at the court's request.

Law Court denied a certificate of probable cause concluding that the matter was controlled by the intervening Carmichael decision. (See Doc. No. 1-18; see also Doc. No. 1-17.)

With respect to the timeliness of his 28 U.S.C. § 2254 petition, Newbury represents:  "I was unaware that my rights were violated until the announcement of the Schofield case.  I filed less then one year after the Schofield case."  Apropos the timeliness of this federal § 2254 petition under the federal § 2244(d)(1)(C) limitation period, even if the Maine Law Court had concluded that Schofield was retroactive to state post-conviction proceedings, it would not translate to retroactivity for purposes of Newbury's federal petition.  Only the United States Supreme Court precedent is at play in that provision and only the United States Supreme Court can make a case retroactive to federal habeas petitions.  See Tyler v. Cain, 533 U.S. 656 (2001).  Even if Newbury had relied directly on Apprendi, Blakely, and Booker in arguing the timeliness of his 28 U.S.C. § 2254 petition these cases have not been made retroactive to cases on collateral review by the United States Supreme Court.[2]

## *Conclusion*

For the reason above I recommend that the Court summarily deny this 28 U.S.C. § 2254 petition pursuant to Rule Governing Section 2254 Proceedings 4 because it is untimely.  I further recommend that a certificate of appealability should not issue in the event Newbury files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[2]     I note that the precedent in this Circuit is that Apprendi is not retroactive to timely petitions for collateral review, see Sepulveda v. United States, 330 F.3d 55, 61 (1st Cir. 2003).  The United States Supreme Court has concluded that Ring v. Arizona, 536 U.S. 584 (2002), a case extending Apprendi to the finding of aggravating factors apropos the death penalty, was a procedural rule and not retroactive to cases on collateral review.  Schriro v. Summerlin, 542 U.S. 348 (2004).  See also Cirilo-Munoz v. United States, 404 F.3d 527 (2005) (considering the retroactivity of Booker after Schriro).

## **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                        /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge

September 17, 2008